Jonathan C. Navarro, CSB #198310
Law Offices of Jonathan C. Navarro
765 The City Drive South, Suite 360
Orange, CA 92868
Tel.: (714) 647-9361
Fax: (714) 647-9362
Email: jnavarro@navarro-law.com

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SINGH, MALKIT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Adelanto ICE Processing Center;<br><br>DIRECTOR, Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement;<br><br>DAVE VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement;<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security;<br><br>TODD BLANCHE, Attorney General of the United States;<br><br>Respondents. | **Case No.: ____________________**<br><br>**PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241) AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>*[Civil Cover Sheet filed concurrently]*<br><br>**IMMIGRATION DETENTION — EXPEDITED CONSIDERATION REQUESTED**<br><br>**Agency File No.: A246-776-853** |

///

///

## INTRODUCTION

1. Petitioner, MALKIT SINGH ("SINGH" or "Petitioner"), is a native and citizen of India and an asylum seeker currently detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, CA 92301. By and through undersigned counsel, Petitioner hereby files this petition for writ of habeas corpus under 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief to compel his immediate release from immigration detention, where he has been held by the United States Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") since being unlawfully re-detained on or about September 13, 2026. Petitioner was re-detained without being provided a due process hearing to determine whether his incarceration is justified. Petitioner arrived in the United States at or near Lukeville, Arizona, on or about April 8, 2023, was placed in removal proceedings under INA § 240, and thereafter was released from custody and permitted to reside in the community as a non-detained respondent. He timely applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"); his Form I-589 remains pending before the Executive Office for Immigration Review ("EOIR"). A Notice to Appear was issued on or about April 11, 2023, and filed with EOIR on or about April 27, 2023. Petitioner's removal case remains pending; no final order of removal has issued; and no appeal is pending before the Board of Immigration Appeals.

2. Petitioner further submits this habeas petition under 28 U.S.C. § 2241 for a judicial check on Respondents' administrative decision to detain him under 8 U.S.C. § 1225(b)(2), INA § 235(b)(2), despite the lack of authority to do so. Petitioner is not an "applicant for admission" seeking admission within the meaning of that provision. The Ninth Circuit has now so held in a published opinion: "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not §

1225(b)(2)(A).” Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), aff’g 802 F. Supp. 3d 1297 (W.D. Wash. 2025). Petitioner was apprehended in Fontana more than three years after his release into the interior and is charged solely under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Section 1226(a) therefore governs. Because the government purports to hold him under § 1225(b)(2), it has not provided an individualized bond hearing under § 1226(a).

3. DHS likewise lacks statutory authority to detain Petitioner pursuant to INA § 241(a)(1), 8 U.S.C. § 1231, because no administratively final order of removal has been entered against him. See Johnson v. Guzman Chavez, 594 U.S. 523, 533–34 (2021). Petitioner’s removal proceedings remain pending; his applications for asylum, withholding of removal, and CAT protection have not been adjudicated. Detention is therefore governed by §§ 1225 and 1226, not § 1231 — and, under Rodriguez Vazquez, only § 1226(a) applies.

4. Petitioner seeks declaratory and injunctive relief restoring the liberty Respondents revoked without due process and ordering his immediate release. Courts in this Circuit have ordered immediate release restoring the status quo ante where ICE revoked previously granted liberty without process. See Rodriguez Vazquez, 183 F.4th 1160; Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025); Esmail v. Noem, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025); Maldonado Bautista v. Santacruz, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025); Jimenez Pascual v. Blanche, 2026 WL 1218832 (E.D. Cal. May 5, 2026); Gutierrez v. Chestnut, 2025 WL 3514495 (E.D. Cal. Dec. 8, 2025); Selis Tinoco v. Noem, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025).

5. Independently of the statutory classification dispute, this Petition presents a dispositive constitutional problem. DHS granted Petitioner physical liberty and maintained him in the community for more than three years. Respondents then revoked that liberty without

advance notice, without identifying any violation or changed circumstance requiring immediate confinement, and without any individualized pre-deprivation hearing. No exigency justified dispensing with that process: Petitioner has no criminal history and was living openly in California. A later opportunity to seek review of custody cannot retroactively supply the process denied before his liberty was taken. See Esmail, 2025 WL 3030590, at *6. Absent review here, Respondents will continue that unlawful detention.

6. Petitioner must be released from custody unless and until DHS proves to a neutral adjudicator, by clear and convincing evidence, material changed circumstances (including that he is a flight risk and/or a danger to the community) that would justify re-detaining a petitioner who was previously released from custody and who has an application for asylum, withholding of removal, and protection under the Convention Against Torture pending before the Immigration Court.

7. The Due Process Clause of the Fifth Amendment, as well as statutory and regulatory authorities, require the government to provide noncitizens with notice and a hearing prior to re-detention. Here, Petitioner's rights were violated and continue to be violated each day he remains detained.

## STATEMENT OF FACTS

8. Petitioner is a native and citizen of India, born on March 10, 1991, in Karora, Haryana, India. He fled India because he was persecuted by members of the Bharatiya Janata Party ("BJP"), the ruling political party in India, on account of his political opinion and support for the Indian National Lok Dal ("INLD"), an opposition political party active primarily in Haryana. Petitioner was the victim of a vicious attack on November 5, 2022, perpetrated by individuals associated with the BJP, and was subjected to another physical attack and death threats on December 15, 2022, at the hands of members of the same party. Fearing brutal

physical harm, mistreatment, and torture by the BJP and the police if returned to India, Petitioner fled India on or about January 24, 2023, and arrived in the United States seeking asylum.

9. Petitioner arrived in the United States on or about April 8, 2023, at or near Lukeville, Arizona, without inspection.

10. Petitioner was initially encountered and detained by U.S. Customs and Border Protection near Lukeville, Arizona. DHS issued a Notice to Appear dated April 11, 2023, charging Petitioner as removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States who has not been admitted or paroled. The NTA was filed with EOIR on or about April 27, 2023. Petitioner was thereafter released from custody and resided in the community as a non-detained respondent in pending removal proceedings. The NTA itself designates Petitioner as "an alien present in the United States who has not been admitted or paroled," not as an "arriving alien."

11. At all times since his release, Petitioner has complied with his conditions of release and reporting requirements, timely filed his Form I-589 Application for Asylum and for Withholding of Removal (A-Number 246-776-853) with the Immigration Court on or about June 29, 2023 — well within one year of his arrival — and obeyed all applicable federal and state laws. Petitioner, through prior counsel, submitted written pleadings on or about June 4, 2023, conceding removability and seeking asylum, withholding of removal, and CAT protection. Prior to his re-detention, Petitioner had an individual merits hearing scheduled for September 28, 2027, at 1:00 p.m., before the Concord Immigration Court.

12. On or about September 13, 2026, ICE officers re-detained Petitioner on Citrus Avenue in Fontana, California. Officers told Petitioner that they would place a GPS device on his ankle and that his address "does not belong here." An ICE Notice to EOIR (Form I-830) dated September 14, 2026, reports that Petitioner was detained by ICE on September 12, 2026,

and is held at the Adelanto ICE Processing Center. There was no warrant based on criminal activity, no claim of flight risk or danger, and no pre-detention hearing. Since that unlawful arrest, Petitioner remains detained in ICE custody at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, CA 92301. The facility is under the control of Respondents and their agents.

13. At the time ICE re-detained Petitioner — and as of the filing of this petition — his Form I-589 Application for Asylum, Withholding of Removal, and Protection under CAT was, and remains, pending before the Immigration Court. Petitioner is in removal proceedings; no final order of removal has issued; and no appeal is pending before the BIA.

14. Since Petitioner's previous release from custody, Petitioner has had no criminal record, and there has been no material change of circumstances to justify Petitioner's re-detention. Courts in this Circuit have held that isolated compliance issues do not materially affect a prior determination that a noncitizen is neither a danger nor a flight risk. See Selis Tinoco v. Noem, 818 F. Supp. 3d 1141, 1146–47 (E.D. Cal. Dec. 14, 2025); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026). There is no evidence of any criminal conduct by Petitioner; he was re-detained in Fontana after more than three years of community residence while his asylum case remained pending.

15. Since his previous release, Petitioner has continuously resided in the United States for more than three years and has developed community ties in California, including prior residences in Rialto and Merced.

16. Petitioner was re-detained by ICE officers in the complete absence of any changed circumstances and without any showing why Petitioner's previous release from custody was no longer valid. Following that arbitrary detention, Petitioner has been confined at the Adelanto ICE Processing Center under total deprivation of his constitutionally guaranteed

liberty.

17. Although Petitioner is in removal proceedings, his asylum application remains pending, with an individual merits hearing that had been set for September 28, 2027. Petitioner therefore faces the prospect of prolonged civil detention for a year or more while that application is adjudicated, unless this Court intervenes to remedy the wrong that ICE has perpetrated by this unlawful detention.

18. Although Petitioner has been placed in removal proceedings, that fact does not authorize detention under § 1225(b)(2). Under Rodriguez Vazquez, 183 F.4th at 1165, a noncitizen present without admission who is apprehended in the interior is subject to § 1226(a). Respondents' position would convert a long-pending, non-detained asylum case into purported mandatory detention based on a 2025 reinterpretation the Ninth Circuit has rejected.

**CUSTODY**

19. Petitioner is currently in Respondents' legal and physical custody. They are detaining him at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, CA 92301, and he has been under the direct control of Respondents and their agents since being unlawfully re-detained on or about September 13, 2026.

**JURISDICTION**

20. This Court has jurisdiction under 28 U.S.C. § 2241; Art. I, § 9, cl. 2 of the United States Constitution; and 28 U.S.C. § 1331, as Petitioner is presently in Respondents' custody under color of United States authority, and such custody violates the Constitution, laws, or treaties of the United States. Jurisdiction is not limited by a petitioner's nationality, status as an immigrant, or any other classification. See Boumediene v. Bush, 553 U.S. 723, 747 (2008). This Court has jurisdiction over a challenge to the statutory basis for present immigration detention that does not contest the validity of a removal order. Trinidad y Garcia v. Thomas, 683 F.3d 952,

956 (9th Cir. 2012) (en banc) (per curiam). This Court may grant relief under U.S. Const. art. I, § 9, cl. 2; U.S. Const. amends. V and VIII; 28 U.S.C. §§ 1361 (mandamus), 1651 (All Writs Act), 2201 (Declaratory Judgment Act), and 2241 (habeas corpus).

21. Specifically, this Court has jurisdiction under 28 U.S.C. § 2241 to review Petitioner's re-detention without an individualized bail hearing prior to his re-detention and before a neutral adjudicator under § 1226(a), as well as Petitioner's challenge to being subjected to purported mandatory detention under § 1225(b)(2) — a theory the Ninth Circuit has now definitively rejected. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). Federal district courts possess broad authority to issue writs of habeas corpus when a person is held "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and this authority extends to immigration detention challenges that survived the REAL ID Act's jurisdictional restrictions.

22. Because Petitioner seeks the traditional habeas remedy of release from allegedly unlawful detention rather than additional administrative review of his underlying claims, his petition presents precisely the type of threshold legality-of-detention question that § 2241 was designed to address. See INS v. St. Cyr, 533 U.S. 289, 301 (2001); Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020). No court has yet ruled on the legality of Petitioner's current detention.

**REQUIREMENTS OF 28 U.S.C. § 2243**

23. The Court must grant the petition for writ of habeas corpus or issue an order to show cause ("OSC") to Respondents "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return certifying the true cause of the detention "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. (emphasis added).

24. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." Fay v. Noia, 372 U.S. 391, 400 (1963) (emphasis added).

25. Habeas corpus must remain a swift remedy. Importantly, "the statute itself directs courts to give petitions for habeas corpus 'special, preferential consideration to insure expeditious hearing and determination.'" Yong v. INS, 208 F.3d 1116, 1120 (9th Cir. 2000) (internal citations omitted). The Ninth Circuit warned against any action creating the perception "that courts are more concerned with efficient trial management than with the vindication of constitutional rights." Id.

## VENUE

26. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(e) because the Respondents are employees or officers of the United States, acting in their official capacity; because a substantial part of the events or omissions giving rise to the claim occurred in San Bernardino County, within the Central District of California, where Petitioner is currently detained; and because there is no real property involved in this action. The Warden of the Adelanto ICE Processing Center and the Director of the Los Angeles ICE Field Office have legal custody of the Petitioner.

## INTRADISTRICT ASSIGNMENT

27. Pursuant to Local Rule 3-2 of the Central District of California, this action is properly assigned to the Eastern Division (Riverside) because a substantial part of the events giving rise to the claim — namely, Petitioner's ongoing detention — occurred and continues to occur in San Bernardino County. The decision to re-arrest and re-detain Petitioner was made by

the Los Angeles Field Office of ICE.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. In habeas claims, exhaustion of administrative remedies is prudential, not jurisdictional. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017); Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Hernandez, 872 F.3d at 988 (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)). Petitioner asserts that exhaustion should be waived because administrative remedies are inadequate and futile, and because his continued detention results in irreparable harm.

29. Exhaustion should be waived because administrative remedies are inadequate and futile. ICE purports to detain Petitioner under mandatory detention pursuant to § 1225(b)(2). Under Matter of Q. Li, 29 I&N Dec. 66 (BIA 2025), and Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Immigration Judges have treated such noncitizens as ineligible for bond under § 1226(a). Pursuit of a bond hearing that the agency has predetermined it will deny is a futile gesture. See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017).

30. No statutory exhaustion requirements apply to Petitioner's claim of unlawful custody in violation of his due process rights, and there are no administrative remedies that he needs to exhaust. See Am.-Arab Anti-Discrimination Comm. v. Reno, 70 F.3d 1045, 1058 (9th Cir. 1995) (exhaustion is a "futile exercise because the agency does not have jurisdiction to review" constitutional claims); In re Indefinite Det. Cases, 82 F. Supp. 2d 1098, 1099 (C.D. Cal. 2000) (same).

31. To the extent Respondents contend Petitioner is subject to mandatory detention under § 1225(b)(2), no parole request to release Petitioner from custody would be meaningfully

considered by ICE, and, in any event, that theory has now been rejected by the Ninth Circuit. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026); see also Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025) (declaring the government's July 8, 2025 Interim Guidance unlawful under the APA).

32. More importantly, every day that Petitioner remains detained causes him irreparable harm that cannot be repaired. His continued detention puts his physical and mental health at greater risk, further warranting a finding of irreparable harm and the waiver of the prudential exhaustion requirement. See De Paz Sales v. Barr, No. 19-CV-07221-KAW, 2020 WL 353465, at *4 (N.D. Cal. Jan. 21, 2020).

## PARTIES

33. Petitioner Malkit Singh is an Indian asylum seeker who fled India due to persecution and physical harm on account of his political opinion (support for the INLD and opposition to the BJP). He is presently seeking asylum, withholding of removal, and protection under the Convention Against Torture in pending removal proceedings before the Immigration Court. His Form I-589 application remains pending. No final order of removal has issued.

34. Petitioner is currently in Respondents' legal and physical custody at the Adelanto ICE Processing Center in San Bernardino County, California.

35. Respondent Warden of the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, CA 92301, is the immediate legal custodian of the Petitioner, and is sued in his or her official capacity.

36. Respondent Director of Enforcement and Removal Operations of the Los Angeles ICE Field Office, sued in his or her official capacity, is a legal custodian of the Petitioner.

37. Respondent DAVE VENTURELLA is the Acting Director of U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, and is named in his official

capacity. Among other things, ICE is responsible for the administration and enforcement of the immigration laws, including the detention and removal of noncitizens. In his official capacity as head of ICE, he is a legal custodian of Petitioner.

38. Respondent MARKWAYNE MULLIN is the Secretary of the Department of Homeland Security and is named in his official capacity. DHS is the federal agency encompassing ICE, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration of noncitizens. Pursuant to section 402 of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002), and 8 U.S.C. § 1103(a), Respondent Mullin has responsibility for the administration and enforcement of the immigration and naturalization laws and is the ultimate legal custodian of Petitioner.

39. Respondent TODD BLANCHE is the Attorney General of the United States and the most senior official in the U.S. Department of Justice ("DOJ"), and is named in his official capacity. He has the authority to interpret the immigration laws and adjudicate removal cases. The Attorney General delegates this responsibility to the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the Board of Immigration Appeals.

## LEGAL FRAMEWORK AND ANALYSIS

### A. Statutory Framework Regarding Re-Detention and Due Process Right to Pre-Deprivation Hearing

40. The Due Process Clause of the Constitution, Congress's statutes and implementing regulations, and controlling precedent narrow DHS's authority to unilaterally revoke a noncitizen's previously granted liberty. 8 U.S.C. § 1226(b); 8 C.F.R. § 236.1(c)(9). Once the government has released a person from custody, that person's conditional liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and its

termination "calls for some orderly process." Morrissey v. Brewer, 408 U.S. 471, 482 (1972). A noncitizen released from immigration custody who remains at liberty and complies with the conditions of release acquires a protected interest in his continued release. These protections extend to noncitizens present in the United States. Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam); Zadvydas v. Davis, 533 U.S. 678, 693 (2001); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021); Hernandez, 872 F.3d at 981.

41. ICE may release a noncitizen who demonstrates that release "would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). A Form I-220A Order of Release on Recognizance is conditional parole under § 1226(a)(2)(B). Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1115 (9th Cir. 2007). Whether memorialized as bond, recognizance, or another form of release, "[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd, 905 F.3d 1137 (9th Cir. 2018). "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings." Id. Agents "must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk." Id.

42. Petitioner was previously released from custody following his initial encounter and thereafter resided in the community for more than three years as a non-detained respondent in § 240 proceedings. That release reflected a determination that he was neither a danger to the community nor a flight risk, and it created a protected liberty interest. A noncitizen develops a substantial liberty interest in remaining out of custody based on previous release from custody, the length of time lived in the United States, and ties built to the community. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant

constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."); Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025). "Indeed, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." Pinchi, 792 F. Supp. 3d at 1032 (internal quotation marks omitted). That "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

43. Respondents now purport to hold Petitioner under 8 U.S.C. § 1225(b)(2) since September 13, 2026, despite lacking authority to hold him under that provision. Petitioner was re-arrested and detained despite the fact that Respondents failed to provide him notice and a pre-deprivation hearing before a neutral arbiter demonstrating materially changed circumstances justifying his re-detention, and despite the fact that he is not an applicant for admission seeking admission to the United States as required by § 1225(b)(2). Instead, Petitioner has been residing in the United States for more than three years since his arrival, and is therefore subject to § 1226(a).

44. The sufficiency of the procedures attending a deprivation of liberty is assessed under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Each factor favors Petitioner. The private interest — freedom from confinement after more than three years of compliant liberty — is substantial. The risk of erroneous deprivation is high because Petitioner received no procedures: no notice and no meaningful opportunity to be heard before or

after his arrest. And no governmental interest appears: Respondents have asserted no danger, flight risk, violation of release conditions, or changed circumstances. See Fuentes v. Shevin, 407 U.S. 67, 80–82 (1972); Hernandez, 872 F.3d at 994, 996; Martinez Cruz v. Lyons, 2025 WL 4051129, at *4 (C.D. Cal. Nov. 6, 2025).

45. Consequently, ICE was required to provide Petitioner with notice and a hearing prior to revoking his conditional liberty. Morrissey, 408 U.S. at 481–82; Zinermon v. Burch, 494 U.S. 113 (1990). No exigency justified dispensing with that process. "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." Hernandez, 872 F.3d at 994. The burden of a hearing is at most "minimal," because custody hearings in immigration court are routine. Sun v. Santacruz, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025); Singh v. Andrews, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025); Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026), adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026).

**B. Statutory Framework Regarding Detention – 8 U.S.C. §§ 1225 and 1226, As Definitively Resolved in This Circuit**

46. The INA prescribes three basic forms of detention for noncitizens: (1) § 1226(a) discretionary detention with bond hearings for noncitizens in regular removal proceedings under § 1229a; (2) mandatory detention under § 1225(b) for certain arriving aliens and recent arrivals; and (3) detention under § 1231 for those with final removal orders. Because Petitioner is in pending § 240 proceedings and no final order of removal has issued, only the first two categories are potentially relevant, and, as explained below, only § 1226(a) applies.

47. Following enactment of IIRIRA, EOIR regulations and decades of practice

established that people who entered without inspection were detained under § 1226(a) and received bond hearings, unless subject to another specific authority. That practice was consistent with pre-IIRIRA law and remained the government's unbroken practice "for five Presidential administrations over nearly three decades." Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026); see also Inspection and Expedited Removal of Aliens, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

48. On May 15, 2025, the BIA issued Matter of Q. Li, 29 I&N Dec. 66 (BIA 2025), stating that an applicant for admission arrested and detained without a warrant while arriving (whether or not at a port of entry) and placed in removal proceedings is detained under § 1225(b) and ineligible for bond under § 1226(a). On July 8, 2025, DHS issued Interim Guidance requiring that anyone arrested in the United States and charged with being inadmissible be considered an "applicant for admission" under § 1225(b)(2)(A) subject to mandatory detention. On September 5, 2025, the BIA issued Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), adopting this same interpretation.

**1. The Ninth Circuit has now squarely held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, apprehended in the interior of the United States.**

49. On July 30, 2026 — after full briefing, oral argument, and a published opinion — the Ninth Circuit resolved this precise question in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), affirming a class-wide judgment from the Western District of Washington. The court held that "§ 1225(b)(2)(A), based on its text and context, is best construed as applying to aliens entering the United States at the border," while "§ 1226 . . . is best understood as governing inadmissible and deportable aliens present in the interior of the United States." Id. at 1165. The court expressly held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not §

1225(b)(2)(A).” Id. at 1165.

50. In reaching that conclusion, the Ninth Circuit joined the Second, Sixth, Tenth, and Eleventh Circuits — and the majority of district courts nationwide, including the Central District of California — in rejecting the government’s 2025 reinterpretation of § 1225(b)(2)(A). See Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Santillan Quiroz v. Mullin, 2026 WL 1876709 (10th Cir. June 30, 2026); Hernandez Alvarez v. Warden, 175 F.4th 1258 (11th Cir. 2026); Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).

51. The Ninth Circuit’s decision rests squarely on this Circuit’s own precedent in Torres v. Barr, 976 F.3d 918 (9th Cir. 2020) (en banc), which held that “the phrase ‘at the time of application for admission’ . . . refers to [a] particular point in time,” id. at 923–26, and that a noncitizen does not remain in a perpetual state of applying for admission. See also United States v. Gambino-Ruiz, 91 F.4th 981, 989 (9th Cir. 2024) (Torres “rejected the view that an alien remains in a perpetual state of applying for admission”). Applying that same logic to § 1225(b)(2)(A)’s “seeking admission” language, the Ninth Circuit held that “an alien present in the interior of the United States” does not “remain[] in the perpetual state of seeking admission (that is, seeking entry).” Rodriguez Vazquez, 183 F.4th at 1165.

52. Accordingly, the mandatory detention provision of § 1225(b)(2) does not apply to people like Petitioner who entered without admission or parole and have been residing in the United States. This Circuit’s courts, now reinforced by controlling Ninth Circuit precedent, have expressly so held and ordered immediate release. See Rodriguez Vazquez, 183 F.4th 1160; Maldonado Bautista, 2025 WL 3713982; Gutierrez v. Chestnut, 2025 WL 3514495; Jimenez Pascual v. Blanche, 2026 WL 1218832.

///

**FIRST CLAIM FOR RELIEF**

**Due Process — U.S. Const. amend. V**

53. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

54. The Supreme Court has long recognized that the Fifth and Fourteenth Amendments refer to all "persons," not just "citizens." Even inadmissible or removable noncitizens must be afforded due process protection. Yick Wo v. Hopkins, 118 U.S. 356, 369 (1886); Mathews v. Diaz, 426 U.S. 67, 75 n.7 (1976); Plyler v. Doe, 457 U.S. 202, 210 (1982); Wong Wing v. United States, 163 U.S. 228, 238 (1896). "It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) (internal quotation marks omitted); see also Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021); Hernandez, 872 F.3d at 981. Due process "is a flexible concept that varies with the particular situation," Zinermon, 494 U.S. at 127, and "protects individuals against two types of government action: violations of substantive due process and procedural due process," Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) (internal quotation marks omitted).

55. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that the Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. Id. at 699. Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

56. Petitioner has a vested liberty interest in his prior conditional release from custody. Due process does not permit the government to strip him of that liberty without a hearing. Morrissey, 408 U.S. at 482, 487–88. "The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty." Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

57. Petitioner's re-arrest without a pre-detention hearing violated the Constitution both substantively (Respondents have no valid interest in detaining him because circumstances have not materially changed) and procedurally (he was not provided the requisite pre-detention hearing). See J.A.E.M. v. Wofford, 812 F. Supp. 3d 1058, 1071 (E.D. Cal. 2025) ("The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before he is deprived of any significant protected interest." (internal quotation marks omitted)); Mourey, 2026 WL 467567, at *4. Petitioner is neither a danger to the community nor a flight risk. He has no criminal history, has demonstrated multi-year compliance with all immigration requirements, and has community ties in the United States. "There is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." Martinez Cruz v. Lyons, 2025 WL 4051129, at *4; see also Garcia v. Noem, 2026 WL 194745, at *3 (S.D. Cal. Jan. 14, 2026).

58. The re-detention violated procedural due process. The appropriate remedy is immediate release restoring the status quo ante — the conditions of Petitioner's prior release — not a post-detention interview or bond hearing while he remains confined. Nazarian, 2025 WL 3236209, at *7; GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000); Esmail, 2025 WL 3030590, at *6. See also Rodriguez Vazquez, 183 F.4th 1160; Maldonado

Bautista, 2025 WL 3713982. If Respondents later seek to re-detain Petitioner on a different record, they must provide at least seven days' notice and a hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence a material change in circumstances such that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure his appearance or community safety. Mourey, 2026 WL 467567, at *6; Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025); Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020); Huy Cu v. Marin, 2026 WL 1427009, at *1–3 (C.D. Cal. May 21, 2026); Araujo-Contreras v. Janecka, 2026 WL 1625368, at *1–4 (C.D. Cal. June 3, 2026).

## SECOND CLAIM FOR RELIEF

### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2) — Unlawful Denial of Bond / Application of § 1225(b)(2)

59. Petitioner re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

60. Under the APA, a court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," that is "contrary to constitutional right [or] power," or that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A)-(C).

61. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to noncitizens residing in the United States who are subject to grounds of inadmissibility because they originally entered without inspection or parole. Such noncitizens are detained under § 1226(a), unless subject to another specific detention provision. The application of § 1225(b)(2) to bar Petitioner from receiving any custody determination or process is arbitrary, capricious, and not in accordance with law, and violates the APA. See Maldonado Bautista v. Santacruz, No.

5:25-cv-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025) (declaring the July 8, 2025 Interim Guidance unlawful under the APA); Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026).

**THIRD CLAIM FOR RELIEF**

**Statutory Violation — Detention in Violation of 8 U.S.C. § 1226(a)-(b)**

62. Petitioner re-alleges and incorporates by reference the allegations in the paragraphs above.

63. Respondents lack statutory authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). That provision applies to certain arriving aliens and recent arrivals seeking admission, not to a noncitizen who entered more than three years ago, was released into the interior, and has resided here continuously. Rodriguez Vazquez, 183 F.4th at 1165. Petitioner's NTA charged him solely as present without admission or parole under INA § 212(a)(6)(A)(i) and did not classify him as an arriving alien. His detention is therefore governed by 8 U.S.C. § 1226(a), which authorizes discretionary detention pending a decision on removal and contemplates release on bond or conditional parole. 8 U.S.C. § 1226(a)(2); Ortega-Cervantes, 501 F.3d at 1115. DHS may not, years after releasing Petitioner, reclassify him as subject to continuous mandatory detention under § 1225(b) by adopting a new legal interpretation.

64. Under § 1226(a), individuals may be detained as a matter of discretion, released on their own recognizance, or released on bond of a reasonable amount. Respondents' failure to apply the correct statutory framework violates the INA and exceeds the government's detention authority.

65. Petitioner respectfully requests that this Court order his immediate release on the conditions of release in effect immediately before his September 13, 2026 re-detention, and enjoin any re-detention absent seven days' notice and a pre-deprivation hearing at which DHS

bears the burden of proving by clear and convincing evidence that detention is necessary because of a material change in circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Issue the writ of habeas corpus and order Respondents to show cause, within three days of the filing of this petition, why the relief sought should not be granted; and set a hearing on this matter within five days of Respondents' return on the order to show cause (see 28 U.S.C. § 2243);

(3) Enjoin Respondents from transferring Petitioner outside the jurisdiction of the Central District of California pending the resolution of this case;

(4) Issue a Writ of Habeas Corpus requiring Respondents to immediately release Petitioner on the conditions of his prior release from custody (or on reasonable conditions of release);

(5) Enjoin Respondents from re-detaining Petitioner without providing constitutionally adequate pre-deprivation notice (no less than seven days) and a hearing before a neutral decisionmaker at which DHS bears the burden of proving by clear and convincing evidence that material changed circumstances justify re-detention;

(6) Award reasonable costs and attorney fees under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

(7) Grant such further relief as the Court deems just and proper.

///

///

///

September 18, 2026

Respectfully submitted,

/s/ Jonathan C. Navarro
Jonathan C. Navarro, Esq.
Attorney for Petitioner

**VERIFICATION (28 U.S.C. § 2242)**

I, Jonathan C. Navarro, am counsel for Petitioner and submit this verification on his behalf because he is detained. I have reviewed Petitioner's immigration file and the records in this matter and discussed the events described herein with Petitioner. I verify that the factual statements in this Petition are true and correct to the best of my knowledge. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 18, 2026, in Orange, California.September 18, 2026

/s/ Jonathan C. Navarro
Jonathan C. Navarro, Esq.
Attorney for Petitioner