UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05461-AYP Date: October 14, 2026

Title Malkit Singh v. Warden, Adelanto ICE Processing Center et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | None |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None | None |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On September 18, 2026, Malkit Singh (A#246-776-853) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. No. 1 ("Petition").) Petitioner seeks his immediate release on the grounds that ICE violated his constitutional procedural due process and statutory rights by unlawfully detaining him without first providing adequate pre-detention notice and process.

On September 18, 2026, Petitioner consented to proceed before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 3.) On September 18, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 5 ("General Order 26-05").) This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at 1, 3.) To date, Respondents have not filed an answer or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately under the same conditions he was subject to before his current detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05461-AYP Date: October 14, 2026

Title Malkit Singh v. Warden, Adelanto ICE Processing Center et al

Petitioner, a noncitizen, who fled India for fear of torture or harm due to his political beliefs, entered the United States on or about April 8, 2023, at or near Lukeville, Arizona, without inspection. (Pet. at 5.) DHS issued a Notice to Appear dated April 11, 2023. *Id*. The NTA was filed with EOIR on or about April 27, 2023. *Id*. ¶ 10. Petitioner was thereafter released from custody and resided in the community as a non-detained respondent in pending removal proceedings. *Id*. At all times since his release, Petitioner has complied with his conditions of release and reporting requirements, timely filed his Form I-589 Application for Asylum and for Withholding of Removal with the Immigration Court on or about June 29, 2023. *Id*. ¶ 11.

Since his previous release, Petitioner has continuously resided in the United States for more than three years and has developed community ties in California. *Id*. at 6. On or about September 12, 2026, ICE re-detained Petitioner. *Id*. ¶ 12. At the time of filing the Petition, Petitioner's asylum application remains pending. *Id*. ¶ 13. Petitioner argues he was re-detained by ICE officers without any changed circumstances and without any showing of why Petitioner's previous release from custody was no longer valid.

Petitioner was previously released from custody following his initial encounter and thereafter resided in the community since April 2023—more than three years. That release reflects a determination that he was neither a danger to the community nor a flight risk, and it created a protected liberty interest. Petitioner argues that ICE had no valid reason to revoke his release and detain him. *Id*. He has lived freely in the U.S. for three years and argues ICE did not make note of any changed circumstance. *Id*. Further, Petitioner argues that ICE did not provide any written notice of a specific reason why he was detained, nor provide him with an opportunity to contest the reasons for detention. *Id*.

Petitioner has a protected due process interest in being released, as he has lived in this country for over three years and was previously detained then released by DHS. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05461-AYP Date: October 14, 2026

Title Malkit Singh v. Warden, Adelanto ICE Processing Center et al

Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, he has complied with the terms of his release and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner has made a showing that he is entitled to relief on his procedural due process claim, and immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Malkit Singh (A#246-776-853) from immigration custody immediately. The Ex Parte Application for Judgment on the Pleadings as to Petition for Habeas and Immediate Release filed by Petitioner Malkit Singh is DISMISSED AS MOOT. (Dkt. No. 6.)

Respondents shall return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to his current detention. Respondents shall file a "Notice of Release" within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp